UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Joseph Dicesare, Carmen Nicotera, Sr.,
Carmen Nicotera, Jr., Daniel Wellington,
Jack Endryck, Richard Alexander,
Robert Korrie, and Peter Hallcok,

                              Plaintiffs,

        -v.-                             6:06-CV-00131
                                          (NPM)

McCarey Contracting Group, Inc.,

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
| --- | --- |

FOR THE PLAINTIFF:

| Office of David A. Kline | David A. Kline |
| --- | --- |
| 7136 East Genesee Street | |
| Fayetteville, NY 13066 | |

| Office of Robert M. Cheverie & | Robert M. Cheverie |
| --- | --- |
|  Associates | |
| Commerce Center One, Suite 101 | |
| 333 East River Drive | |
| East Hartford, CT 06108 | |

FOR THE DEFENDANT

| McCarey Contracting Group, Inc. | No appearance |
| --- | --- |

Neal P. McCurn, Senior District Judge

**Summary Order**

The plaintiffs in this ERISA action, trustees of the Laborers' Local No. 35 Pension Fund, Defined Contribution Fund, and Health Care Fund ("the Funds"), seek a default judgment against defendant, McCarey Contracting Group, Inc., for failure to pay contributions to the Funds on behalf of its employees pursuant to the terms of a collective bargaining agreement between defendant and the Laborers' Local No. 35 union.  See Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §§ 1001 *et seq*.  This action was commenced by the filing of a Complaint and the issuance of a Summons on January 31, 2006, and a copy of said Summons and Complaint have been personally served upon defendant on February 10, 2006, proof of which service was filed with this court on February 22, 2006.  Defendant has failed to appear, answer or otherwise move with respect to the Complaint and defendant's time to appear, answer or otherwise move has expired.  Consequently, plaintiffs have applied for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Upon a careful review of the supporting affidavits and exhibits attached thereto, and the memorandum of law submitted by plaintiffs' counsel in support of a default judgment, the court has determined that plaintiffs are entitled to the relief sought, with certain modifications.  A brief explanation of same is therefore warranted.

Plaintiffs, through their Complaint as well as counsel's January 11, 2007 affidavit, contend that defendant was delinquent in its contributions to the Funds in an amount of $13,299.31 for the period January 1, 2003 through December 30, 2004.  See Compl. ¶¶ 14, 15, 17, and 24; Aff. of David A. Kline, Jan. 11, 2007, at ¶ 10.  However, plaintiffs' memorandum of law as well as the affidavit submitted

1

by Gerald A. Scotti, president of Integrated Administrative Services, Inc., a corporation that conducted a payroll audit of defendant, contains a claim that an equal amount is due for the period January 2004 through December 2005. Insomuch as the Complaint sets forth a claim for delinquent contributions in an amount of $13,299.31 for the period January 1, 2003 through December 30, 2004, "plus additional sums for unpaid fringe benefit contributions and wage supplements *as have and may hereafter* come due during the pendency of this action[,]" Compl. ¶¶ 17, 24 (emphasis added), the court is within its authority to award an amount for delinquent contributions during said period, which is in accordance with law and which is supported by the auditor's affidavit and exhibits attached thereto.

Under ERISA, an employer such as the defendant here, "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms of such plan or such agreement." 29 U.S.C. § 1145. The prevailing plaintiff in an action pursuant to § 1145 shall be awarded:

> (A) the unpaid contributions;
> (B) interest on the unpaid contributions;
> (C) an amount equal to the greater of –
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and the costs of the action, to be paid by the defendant, and

2

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g).

Pursuant to the affidavit of auditor, Gerald A. Scotti, defendant's delinquent contributions for the months of January 2004 through August 2004, October 2004, and November 2005 through December 2005 total $15,598.76.  Interest on the unpaid contributions is $3,380.56, and liquidated damages, calculated at twenty percent of the unpaid contributions is $3,119.75.  Attorney's fees paid to the firm of Meyers, Suozzi, English and Klein are $2570.64, and to the firm of Robert M. Cheverie & Associates, P.C. are $20.79.  By his affidavit, attorney David A. Kline avers that his firm provided legal services for an amount of $2390.  See Kline Aff. at ¶ 12.

Counsel for plaintiffs further avers that the total amount of contributions, interest, liquidated damages, costs of collection and attorney's fees is $29,671.63.  This figure is derived in part from the amounts calculated by auditor Scotti, whom appears to have counted the attorney's fees for the Meyers and Cheverie firms twice: once as attorney's fees, and again as "collection fees".  Also, pursuant to § 1132(g)(C), plaintiffs are entitled to an amount equal to the greater of interest or liquidated damages.  As the liquidated damages here are less than the interest, plaintiffs are entitled to the interest.  Accordingly, the court concludes that plaintiffs are entitled to an award in the amount of $27,341.31, calculated as follows:

(A) Unpaid contributions: $15,598.76
(B) Interest: $3,380.56
(C) An amount equal to the greater of the interest or liquidated damages: $3,380.56

3

(D) Attorney's fees: $4,981.43

Finally, counsel for plaintiffs avers that "[o]n information and belief, there are additional amounts owed Plaintiffs for the period January 2006 through October 2006." Kline Aff. ¶ 13. As such, plaintiffs seek an order requiring defendant to provide plaintiffs with complete certified payroll records for the period January 2006 through the present within 30 days of service of said order, as well as leave to plaintiffs to renew their motion for default judgment as to any unpaid contributions and attendant fees and damages associated therewith. Accordingly, it is hereby ORDERED that

(1) Plaintiffs' motion for entry of a default judgment against defendant McCarey Contracting Group, Inc. is GRANTED, and plaintiffs are awarded $27,341.31 pursuant to 29 U.S.C. § 1132(g); and it is further ORDERED that

(2) Defendant is directed to provide plaintiffs complete certified payroll records for the period January 2006 through the present within 30 days of service of this Order; and it is further ORDERED that

(3) Plaintiffs are granted leave to renew their motion for a default judgment within 90 days of their receipt of the aforementioned payroll records.


IT IS SO ORDERED.

DATED:     February 26, 2007
           Syracuse, New York


_____
Neal P. McCurn
Senior  U.S. District Judge


4